Daniel S. Mount (77571)
Mount, Spelman & Fingerman, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose, CA 95110-2740
Tel.: 408.279.7000
Fax: 408.998.1473
Email: dmount@mount.com

Larisa Migachyov (264669)
Law Offices of Larisa Migachyov
Post Office Box 2061
San Francisco, California 94126-2061
Tel.:  650.218.5480
Email: larisa@lvmpatents.com

*Attorneys for Plaintiff*
SMARTDATA, S.A.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SMARTDATA, S.A.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NETGEAR, INC.,<br><br>　　　　Defendant. | Case No.<br><br>COMPLAINT FOR PATENT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff SMARTDATA, S.A. ("SmartData"), by and through its undersigned counsel, hereby alleges as follows:

**PARTIES**

1.   SmartData is a corporation organized under the laws of Switzerland with its principal place of business at CP 931, Rue de la Fusion 99, 1920 Martigny, Switzerland. SmartData does not do business in the Northern District of California.

2.   Upon information and belief, Netgear, Inc. ("Netgear") is a corporation organized under the laws of the State of Delaware with its principal place of business at 350 E. Plumeria Drive, San Jose, CA 95134. Netgear does business in the Northern District of California.

**JURISDICTION AND VENUE**

3.   This action for patent infringement arises under the patent laws of the United States, Title 35 of the United States Code. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.   Venue is proper in the Northern District of California under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

5.   This Court has personal jurisdiction over Netgear ("Defendant") because it resides within the State of California and within this judicial district, and because it has conducted and does conduct business within the State of California and within this judicial district.

**INTRADISTRICT ASSIGNMENT**

6.   This is an Intellectual Property Action to be assigned on a district-wide basis pursuant to Civil Local Rule 3-2(c).

## **BACKGROUND**

7. SmartData is a technology company specializing in wireless computing. SmartData develops wireless bridging solutions for portable devices and provides working reference designs, prototypes, and related services to major and leading companies wishing to extend their product portfolio with no or very short development efforts.

8. SmartData sought and obtained patent protection pertaining to its innovations in wireless computing technology. The inventions protected by SmartData's patents resulted from the investment of large monetary sums in research and development.

9. On January 2, 2007, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,158,757, entitled "Modular Computer" ("the '757 Patent"). A true and correct copy of the '757 Patent is attached hereto as Exhibit A.

10. SmartData is the owner by assignment of the '757 Patent and has the exclusive right to license the '757 Patent as well as to sue for and collect fees, costs, and damages, including damages for past infringement of the '757 Patent.

11. The '757 Patent generally relates to wireless computing technology.

12. Upon information and belief, Defendant is a market leader in networking products. As part of its line of networking products, Defendant designs, manufactures, and markets several streaming entertainment devices. Specifically, Defendant designs, manufactures, and markets the Push2TV PTV3000, PTVU1000, PTV2000, and PTV1000 (the "Accused Products").

13. Upon information and belief, Defendant has manufactured, used, caused to be used, offered to sell, and/or sold its products, including but not limited to the Accused Products, in the Northern District of California and elsewhere in the United States.

14. Upon information and belief, Defendant released the Push2TV PTV1000 on January 7, 2010, the Push2TV PTV2000 on January 5, 2011, the Push2TV PTV3000 on September 20, 2012, and the Push2TV PTVU1000 on September 21, 2011. The use of a Netgear streaming entertainment device, together with a smartphone, laptop, or tablet, and a television or

1  another audio/video display, infringes the '757 Patent. Both Netgear and its customers have used
2  these products together and have practiced the '757 Patent.
3      15.    The Netgear streaming entertainment devices are advertised on the Netgear
4  site as being able to "mirror" the contents shown on a laptop, smartphone, or tablet screen onto a
5  television. Those features have no substantial non-infringing use.

## COUNT I

### (Infringement of the '757 Patent)

16. SmartData hereby restates and realleges the allegations set forth in paragraphs 1-15 above and incorporates them by reference, as though fully set forth herein.

17. SmartData is informed and believes, and on that basis alleges, that Defendant has infringed and is infringing the '757 Patent, has contributed and is contributing to infringement of the '757 Patent, and/or has actively induced and is actively inducing others to infringe the '757 Patent, by committing acts defined in 35 U.S.C. § 271 as unlawful and infringing, including but not limited to making, using, offering for sale, selling and/or importing products that infringe one or more claims of the '757 Patent. Defendant's infringing products include, but are not limited to, the Accused Products. All such acts by Defendant have been without authority or license from SmartData.

18. As a consequence of Defendant's infringing activities, SmartData has been damaged in an amount not yet determined. Defendant's infringement of SmartData's exclusive rights under the '757 Patent will continue to damage SmartData, causing irreparable harm, for which there is no adequate remedy at law, unless Defendant is enjoined by this Court.

1           WHEREFORE, SmartData prays for the following relief:

2           A.      That the Court find and enter a judgment that Defendant has directly and/or indirectly infringed, induced infringement, and/or contributed to infringement of the '757 Patent;

3           B.      That the Court enter a permanent injunction, pursuant to 35 U.S.C. § 283, enjoining Defendant and its officers, agents, servants, employees, successors, assigns, attorneys, and all others in active concert and/or participation with them from further directly infringing, indirectly infringing, inducing infringement and/or contributing to infringement of the '757 Patent;

4           C.      That the Court find and enter a judgment, pursuant to 35 U.S.C. § 284, first paragraph, awarding SmartData damages, including an accounting of damages, adequate to compensate SmartData for Defendant's past and present infringement of the '757 Patent by payment of an amount not less than a reasonable royalty on Defendant's sales of infringing products, together with pre-judgment and post-judgment interest on the damages awarded, and costs;

5           D.      That the Court find and enter a judgment that this case is exceptional and award to SmartData its reasonable attorney fees, disbursements and costs in accordance with the law, including, but not limited to, 35 U.S.C. § 285; and

6           E.      That the Court award SmartData any other relief that the Court may deem just, equitable, and proper.

COMPLAINT FOR PATENT INFRINGEMENT                    4

**DEMAND FOR JURY TRIAL**

SmartData hereby demands a jury trial on all issues so triable.

Dated: April 18, 2014

Respectfully submitted,

By: /s/ Larisa Migachyov

**MOUNT, SPELMAN & FINGERMAN, P.C.**
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose, CA 95110-2740
Tel.: 408.279.7000
Fax: 408.998.1473
Email: dmount@mount.com

**LAW OFFICES OF LARISA MIGACHYOV**
Post Office Box 2061
San Francisco, California 94126-2061
Tel.: 650.218.5480
Email: larisa@lvmpatents.com

*Attorneys for SmartData, S.A.*

COMPLAINT FOR PATENT INFRINGEMENT        5